

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS.

ATTORNEY GENERAL

Honorable Homer L. Moss
County Attorney, Wheeler County
Wheeler, Texas

Dear Sir:

Opinion No. O-6114
Re: Whether the Commissioners'
Court of Wheeler County
can appropriate money from
the Courthouse and Jail
Fund to pay for paving
portions of two streets
abutting the courthouse
property or square in the
town of Wheeler.

Your letter of July 12, 1944, requesting the opinion of this department on the above mentioned matter is, in part, as follows:

"Would you and your staff be kind enough to assist the Commissioners' Court of Wheeler County and I with an opinion as to whether or not the court can appropriate money from its court house and jail fund to assist in paving portions of two streets abutting the court house property or square in the town of Wheeler.

" * * * *

"In my opinion, the payment can be made as indicated, but inasmuch as I have no access to any out of state reports (in which an analogous situation might be found) and haven't access to the latest opinions from your department, your opinion would be of great assistance and as fully appreciated. By virtue of the imperative need that this contract be awarded at a very early date, I would appreciate receiving this opinion as early as practical without inconveniencing you gentlemen."

MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer L. ...oss, page 2

We thank you for the able brief presented with your inquiry. It is noted that you state "in August 1943, the Commissioners' Court, as is its annual custom, levied tax rate of seven cents for the Courthouse and Jail Fund, designating it the 'Courthouse and Jail Fund.' There is enough money in this fund to pay for the improvements contemplated."

Section 9, Article 8 of the State Constitution prescribes the maximum rate of taxes for general purposes, for roads and bridges, for juries and for permanent improvements, respectively. These monies arising from taxes levied and collected for each of the enumerated purposes, are constitutional funds; and the Commissioners' Court has no power to transfer money from one fund to another, and to expend for one purpose tax money raised obstensibly for another purpose.

The immediate purpose of the foregoing constitutional provisions is to limit the amount of taxes that may be raised for these general purposes, respectively; but it is also designated to inhibit excessive expenditures for any such purpose, and to require that any and all monies raised by taxation for any purpose, shall be applied to that purpose and to no other. (See the following authorities: Carroll v. Williams, 202 S. W. 504; Commissioners' Court of Henderson County v. Burke, 262 S. W. 94; Ault v. Hill County, 116 S. W. 359; Underwood v. Howard, 1 S. W. (2d) 730; Tex. Jur., Vol. 11, p. 609)

The Permanent Improvement Fund is a constitutional fund. As above stated, it will be noted that the taxes constituting the Permanent Improvement Fund were levied and collected for the Court House and Jail Fund, and the Court designated such fund as "The Courthouse and Jail Fund." It is apparent that the funds now in the Permanent Improvement Fund were not raised for the purpose to pay for paving portions of the two streets mentioned in your inquiry. In support of this statement, we quote from the case of Carroll v. Williams, supra, as follows:

"* * * Going to the real gist of the main issue before us, Section 9 of Article 8 of our State Constitution, supra, inhibits any and all transfers of tax money from one fund to another of the several classes of funds therein authorized, and, as a sequence, the expenditure for one purpose therein defined, of tax money raised ostensibly for another such purpose. In so prescribing a separate maximum tax rate for each of the classes of purposes there enumerated is, no doubt, accordingly, to limit the amount of taxes which may be raised from the people, by taxation, declaredly for these several purposes or classes of purposes, respectively. But that is not all. The ultimate, practical and obvious design and purpose and legal effect is to inhibit excessive expenditures for any such purpose or class of purposes. By necessary implication

said provisions of Section 9 of Article 8 were designated, not merely to limit the tax rate for certain therein designated purposes, but to require that any and all money raised by taxation for any such purpose shall be applied, faithfully, to that particular purpose, as needed therefor, and not to any other purpose or use whatsoever. * * *

"Taxes levied ostensibly for any specific purpose or class of purposes designated in Section 9 of Article 8, supra, must be applied thereunto, in good faith; and in no event and under no circumstances may there be expended, legally, for one such purpose or class of purposes, tax money in excess of the amount raised by taxation declaredly for that particular purpose or class of purposes. But this rule would not prevent the proper expenditure for such purpose or purposes of any unexpended balance in the corresponding fund brought over from any previous year or years. * * *"

Generally speaking, no expenditure of the funds of the county shall be made except in strict compliance with the budget as adopted by the court, except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonable diligence, thought and attention, have been included in the original budget. You do not state whether there is a provision contained in the county budget providing for the above mentioned expenditure of county funds for the purpose mentioned. (See Article 689a-11, Vernon's Annotated Civil Statutes)

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the commissioners' court cannot legally expend funds from the Permanent Improvement Fund for the purpose of paving streets under the above mentioned facts. This opinion is not to be construed as holding that the commissioners' court is without legal authority to levy and collect taxes for the Permanent Improvement Fund for the express purpose of building and repairing streets. However, as above stated, the commissioners' court has not levied and collected taxes for the Permanent Improvement Fund for that express purpose of paving or building public streets, therefore, the court could not expend such fund for a purpose for which it was not levied and collected.

Our Opinion No. O-1847 holding contrary to this opinion is hereby expressly overruled.

APPROVED AUG 1, 1944

(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

Yours very truly

ATTORNEY GENERAL OF TEXAS

Ardell Williams
Ardell Williams
Assistant